IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL F. EZZO, | ) | CASE NO. 4:13 CV 1892 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

Before me by referral[1] is claimant Michael F. Ezzo's motion under 42 U.S.C. § 406(b) for attorney fees[2] incurred by being the prevailing party in his action for judicial review of a decision of the Commissioner of Social Security.[3] Subsequent to my order that the parties file additional briefs on the appropriate hourly rate in contingent fee situations such as this,[4] both Ezzo[5] and the Commissioner[6] have responded by filing supplemental briefs.

Narrowly stated, the issue here is whether the requested fee amount of $14,455.00 in the context of a contingent fee agreement represents a windfall.

---

[1] ECF # 29.

[2] ECF # 27.

[3] ECF # 1.

[4] ECF # 35.

[5] ECF # 36.

[6] ECF # 38.

There is no dispute that the controlling law in this matter was stated by the Sixth Circuit in *Hayes v. Secretary of HHS*,[7] where it was held that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market."[8] There is also no dispute that Ezzo's attorney spent 20.65 hours in representation of the claimant on this claim.[9] Further, it is not disputed that out of any fee awarded by this Court, Ezzo's counsel must reimburse Ezzo the EAJA fee of $4,300.00.[10]

As recently noted by Magistrate Judge Burke, the Sixth Circuit has accorded a rebuttable presumption of reasonableness to contingency fee agreements that comply with § 406(b)'s 25-percent cap.[11] Courts may make deductions from large fees only in cases where there has been improper conduct or ineffectiveness of counsel, or where counsel would otherwise enjoy a windfall because of "either an inordinately large benefit award or from minimal effort expended."[12] If neither of the foregoing reasons to reduce the fee are

---

[7] *Hayes v. Secretary of HHS*, 923 F.2d 418 (6th Cir. 1990).

[8] *Id*. at 422.

[9] ECF # 36 at 1.

[10] ECF # 36 at 2; ECF # 38 at 4-5.

[11] *Shultz v. Commissioner of Social Security,* 2016 WL 4248687 at *1 (N.D. Ohio Aug. 11, 2016)(citing *Lasley v. Commissioner of Social Security*, 771 F.3d 308, 309 (6th Cir. 2014).

[12] *Id*. (quoting *Hayes*, 923 F.2d at 420-21).

present, "an agreement for a 25% fee, the maximum permitted under § 206(b)b of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable."[13]

As this Court pointed out in accepting the report and recommendation of Magistrate Judge Knepp in *Bowman v. Colvin,*[14] the Sixth Circuit in *Hayes* specifically found that "it is error by the district court to reduce an attorney's fee on the ground that the amount called for by the contingency agreement results in a high hourly rate."[15]  In that regard, *Bowman* also pointed out that doubling the attorney's usual hourly rate - which, when the fee award total is less than the doubled amount, produces an award that is *per se* reasonable[16] - is only the "starting point" conducting the "reasonableness" analysis.[17]  Simply put, "double the usual hourly rate is the 'floor', not the ceiling" for determining a reasonable fee.[18]

---

[13] *Id*. (quoting *Hayes*, 923 F.2d at 421).

[14] 2014 WL 1304914 (N.D. Ohio March 27, 2014)(Gaughan, J.).

[15] *Id*. at *2 (citing *Hayes*, 923 F.2d at 421).

[16] *Id.* at * 3 (citing *Hayes*, 923 F.2d at 422).

[17] *Id*.

[18] *Id*. (citing *Hayes*, 932 F.2d at 422).

To that end, where the claimant's attorney has submitted a sworn statement as to his or her non-contingent hourly rate, the attorney is then not required to prove that this rate is "appropriate to the market to establish that [such] rate[] [is] reasonable."[19]

*Bowman* is then careful to note in this regard that an "amount in excess of this floor (but below the statutory ceiling) 'may well be reasonable.'"[20] In reviewing such cases where the calculated hourly amount is above the floor, courts should "'only allow maximum fees for extensive effort on the part of counsel who have had to overcome legal and factual obstacles to the enhancement of the benefits awarded to his client.'"[21]

*Bowman* examined a fee request which amounted to an hourly rate of $720, which was approximately 2.6 times counsel's average hourly rate.[22] It observed that such a rate was below the 25 percent statutory ceiling but above the *Hayes* floor of double counsel's usual hourly rate.[23] Thus, *Bowman* noted that although the rate sought was not *per se* reasonable, it nevertheless triggered the rebuttable presumption of reasonableness set forth in *Rodriguez* and *Hayes*.[24]

---

[19] *Id*. at * 4 (quoting *Ratliff v. Comm'r of Soc. Sec.,*2013 WL 633606, at * 2 (N.D. Ohio Feb. 20, 2013)(citing *Gisbrecht v. Barnhart*, 533 U.S. 789, 807-08 (2002)(rejecting lodestar approach).

[20] *Id*. at * 3 (quoting *Hayes*, 932 F.2d at 422).

[21] *Id*. (quoting *Rodriguez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)).

[22] *Id*. at *4.

[23] *Id*.

[24] *Id.*

In its key analysis, *Bowman* rejected the approach of several courts within this District which "have interpreted *Hayes* to impose a burden on a plaintiff to show a requested fee under the statutory ceiling of 25% and above the *Hayes* floor is reasonable," particularly by requiring a claimant's attorney to justify a requested fee by reference to a presumptive reasonable fee within this geographic area.[25] *Bowman* reasoned that any approach "of capping an hourly rate based on regional standards is precisely what the Sixth Circuit instructed against [in *Hayes*],"[26] which clearly speaks of a cap on fees as a percentage of the claimant's award, and "not a cap on the hourly rate."[27]

Accordingly, and in conformity with the specific guidance from this Court in the virtually analogous case of *Bowman*, I recommend finding that the § 406(b) fee sought - $14,455.00 - is reasonable in that it is 21.15 percent of the benefit award of $68,327 and so is less than the 25 percent statutory ceiling, and is double counsel's usual hourly rate of $350 per

---

[25] *Id*. (collecting cases).

[26] *Id*.

[27] *Hayes*, 923 F.2d at 421.

hour.[28] I further recommend ordering that the fee award here be conditioned on Ezzo's counsel remitting to Ezzo the previously awarded EAJA fee of $4,300.00.[29]


Dated: October 12, 2016                    s/ William H. Baughman, Jr.
                                           United States Magistrate Judge

### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[30]

---

[28] *See*, ECF # 27, Ex. D  ¶ 5 (affidavit of Suzanne J. Hayden, Esq.). I note that in addition to stating that this is her "usual and customary" rate, counsel also asserts that $350 per hour has been established as the "approved" "prevailing market rate" in the Northern District of Ohio. *Id.* As discussed above, my recommendation is based on counsel's usual hourly rate and not, as *Bowman* makes clear, on any geographical market rate.

[29] I further note, as does Ezzo, that after deducting the EAJA fee, the net fee amount for claimant's counsel is $10,155.00, which, when divided by the hours expended, yields an hourly rate of $491.76 - an amount well below double the claimant attorney's usual hourly rate. ECF # 36 at 5. That figure is also much closer to a $400 hourly rate that counsel for the Commissioner has cited as approved in numerous cases in the Southern District of Ohio. ECF # 38 at 4, fn. 1.

[30] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).